# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Philip J. Montoya v. Kathy Murray |
| **Case Number:** | 05-01068 |

### Document Information

| | |
|---|---|
| **Description:** | Order Granting [8-1] Motion For Summary Judgment against Kathy Murray and Memorandum of Law by Philip J. Montoya . |
| **Received on:** | 2006-01-06 16:07:31.000 |
| **Date Filed:** | 2006-01-06 00:00:00.000 |
| **Date Entered On Docket:** | 2006-01-09 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

In re: WILLIAM PRESTON McKINSEY, and
KELLI JO McKINSEY,

No. 7-04-15604 ML

Debtors.

PHILIP J. MONTOYA, Trustee,

Plaintiff,

v.

Adv. No. 05-1068 M

KATHY MURRAY,

Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Trustee Philip J. Montoya's Motion for Summary Judgment Against the Defendant Kathy Murray and Memorandum of Law ("Motion"). The Motion is supported by an Affidavit.[1] The Motion requests the Court to enter summary judgment in favor of Plaintiff Philip J. Montoya ("Trustee") on his claim to avoid a preferential transfer pursuant to 11 U.S.C. § 547. Defendant Kathy Murray did not file a response to the Motion. Upon review of the Motion, the Court is satisfied that there are no genuine issues of material fact and that the Trustee is entitled to judgment as a matter of law.

Summary Judgment Standards

Summary judgment is governed by Rule 56, Fed.R.Civ.P., made applicable to bankruptcy

---

[1] *See* Affidavit of Philip J. Montoya, Trustee, Exhibit 1 to the Motion.

1

proceedings by Rule 7056, Fed.R.Bankr.P. Summary judgment is proper when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. The moving party bears the burden of proving that there are no genuine issues of material fact that would preclude summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the adverse party does not respond, the Court must nevertheless determine whether the moving party has met its initial burden of proving that there are no genuine issues of material fact and that judgment is appropriate as a matter of law. *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1200 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."). In considering a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996).

The following facts are not in dispute:

1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 2, 2004. (Trustee's Complaint to Avoid Preference ("Complaint"), ¶ 3; Answer to Complaint to Avoid Preference ("Answer"), ¶ ).

2. Plaintiff Philip J. Montoya is the Chapter 7 trustee appointed to administer the Debtors' bankruptcy proceeding. (Complaint, ¶ 2; Answer, ¶ 1).

3. Defendant Kathy Murray is an insider of the Debtors within the meaning of 11 U.S.C. § 101(31). (Complaint, ¶ 4; Answer, ¶ 1).

4. During the year prior to the filing of the Debtors' bankruptcy proceeding, the Debtors paid Defendant Kathy Murray through several transfers totaling approximately $1,500.00. (Complaint, ¶ 5; Answer, ¶ 4).

5. At the time the transfers were made, the Debtors were indebted to Defendant and the transfers were in payment of an antecedent debt. (Complaint, ¶ 6; Answer, ¶ 1).

6. At the time the transfers were made, the Debtors were insolvent. (Complaint, ¶ 7; Answer, ¶ 1).

7. Debtors' Statements and Schedules reflect real property with a secured claim in excess of its reported value, and three vehicles with liens each in excess of the respective reported values for each vehicle. The scheduled liabilities exceed the reported assets by several thousand dollars. Defendant Kathy Murray is listed as an unsecured creditor with a claim amount of $3,000.00 based on a loan. The total amount of the unsecured claims listed in Debtors' statements and schedules is $41,385.95.[2]

## APPLICATION OF UNDISPUTED FACTS TO APPLICABLE LAW

Preferential transfers are governed by 11 U.S.C. § 547, which provides, in relevant part:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property --
> (1) to or for the benefit of a creditor;

---

[2]The facts recited in undisputed material fact No. 7 are established by the record of the Debtors' bankruptcy proceeding, Case No. 7-04-15604 ML. *See* Fed.R.Evid. 201 (allowing court to take judicial notice, whether requested or not, of facts that are "not subject to reasonable dispute in that [they are] . . . capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Rule 9017 Fed.R.Bankr.P. ("The Federal Rules of Evidence . . . apply in cases under the Code."); *In re Reed,* 293 B.R. 65, 69 (Bankr.D.Kan. 2003) (court takes judicial notice of the contents of the debtor's petition, schedules, etc. in considering motion for summary judgment in a § 727 action).

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made --
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if --
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
>
> 11 U.S.C. § 547(c).

Defendant has admitted in her Answer the presence of elements (1) through (4), but disputes that the transfer enabled her to receive more than she would receive if the case were a chapter 7 as required under 11 U.S.C. § 547(c)(5). Defendant also asserts in her Answer that the transfers were made in the ordinary course of business based upon the usual practices of other similar creditors, an exception to the preferential transfer section outlined in 11 U.S.C. § 547(c).[3]

The ordinary course of business exception contained in 11 U.S.C. § 547(c) is an affirmative

---

[3] Section 547(c) provides, in relevant part:
> The trustee may not avoid under this section a transfer --
>   (2) to the extent that such transfer was --
>     (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
>     (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>     (C) made according to ordinary business terms
>
> 11 U.S.C. § 547(c)

4

defense for which the creditor bears the burden of proof. *In re Tulsa Litho Co.,* 229 B.R. 806, 809 (10th Cir. BAP 1999)(citing *In re Meridith Hoffman Partners,* 12 F.3d 1549, 1553 (10th Cir. 1993)). Defendant has offered no evidence to support her claim that the transfers meet all the elements of the ordinary course of business exception under 11 U.S.C. § 547(c). When faced with a properly supported motion for summary judgment, the non-moving party may not rest solely on its pleadings, but must come forth with specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. (" . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); *Celotex Corp v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, "'conclusory allegations without specific supporting facts have no probative value.'" *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir.1990) (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985)). The conclusory allegations contained in the Defendant's Answer are insufficient to show that genuine issues of material fact exist with regard to the ordinary course of business exception that would preclude summary judgment.

In light of applicable case law, the undisputed facts and the record of this proceeding support a finding that fifth element for avoidance of a preferential transfer has also been satisfied. Under 11 U.S.C. § 547(b)(5), "the trustee must prove that the creditor received more than it would if the case were a chapter 7 liquidation case, the transfer had not been made, and the creditor received payment of the debt to the extent provided by the provisions of the Code." 5 Collier on Bankruptcy ¶

5

547.03[7] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005). To make this determination, the Court must consider "the actual effect of the payment as determined when bankruptcy results." *Palmer Clay Products Co. v. Brown,* 297 U.S. 227, 229, 56 S.Ct. 450, 451, 80 L.Ed. 655, 657 (1936). A transfer is preferential if it enables the creditor to receive a greater percentage of his or her claim than the creditor would receive if the transfer had not been made and the creditor participated in the distribution of estate assets by the chapter 7 trustee. *See In re Powerine Oil Co.,* 59 F.3d 969, 972 (9th Cir. 1995) (noting that a key factor in considering whether a payment is a preference is the anticipated percentage distribution creditors will receive from the assets of the bankruptcy estate).

Here, there will be no distribution to unsecured creditors absent a recovery of the $1,500.00 transferred to Defendant. *See* Debtors' statements and schedules reflecting that there are insufficient, unencumbered, non-exempt assets from which unsecured creditors could receive a distribution. If the transfer had not been made, $1,500.00 would have been available to distribute among unsecured creditors with listed claims totaling $41,000.00. Because Defendant received payment during the preference period of $1,500.00, the transfer enabled Defendant to receive more than she would have received had this case been a chapter 7 proceeding. *Cf. In re AppOnline.com, Inc.,* 315 B.R. 259, 281 (Bankr.E.D.N.Y. 2004) (finding that where the unsecured creditor received a payment during the preference period when the anticipated distribution to unsecured creditors is "'only pennies on the dollar'" the trustee established that the payments enabled the creditor to receive more than it would in a Chapter 7 liquidation and satisfied § 547(b)(5)). The fifth element required under 11 U.S.C. § 547(b)(5) has, therefore, been satisfied, and Plaintiff is entitled to summary judgment as a matter of law.

6

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is GRANTED. An appropriate

judgment will be entered in accordance with this Order.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either electronically
transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped
above.

| | |
|---|---|
| George M. Moore | Charles E. Hawthorne |
| Attorney for Plaintiff | Attorney for Defendant |
| PO Box 216 | 900 Sudderth Drive |
| Albuquerque, NM 87103 | Ruidoso, NM 88345 |

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545